BOWEN, Judge.
The defendant appeals his revocation of probation. The single issue before us is whether the trial court has authority to order that separate probation periods run consecutively in different youthful offender cases against the same defendant. We answer affirmatively.
The facts in this case are not complicated. On October 21, 1976, the defendant was sentenced under a youthful offender conviction and placed on probation for three years. On April 22, 1977, the same defendant was adjudged guilty of being a youthful offender and was sentenced to three years to run consecutively to the October 21,1976 sentence. The defendant was again placed on probation pending his good behavior.
On February 2, 1981, the defendant was arrested for murder. Delinquent charges were filed by the defendant’s probation officer and in March of 1981 the Mobile District Attorney filed a motion to revoke the defendant’s probation. On March 25, after a hearing, the District Court revoked the defendant’s probation and reinstated the suspended sentence of three years which had been imposed on April 22, 1977.
The defendant relies on Alabama Code Section 15-19-6(a)(2) (1975) and contends that his probation period should have been completed on April 22, 1980, three years after he was last sentenced as a youthful offender. The defendant argues that the trial court did not have jurisdiction to revoke his probation or reinstate the April 22, 1977 sentence because it had been more than three years since that sentence had been imposed. We disagree with this argument.
Alabama Code Section 15-19-6(a) (1975) reads as follows:
“(a) If a person is adjudged a youthful offender and the underlying charge is a felony, the court shall:
(1) Suspend the imposition or execution of sentence with or without probation;
(2) Place the defendant on probation for a period not to exceed three years;
(3) Impose a fine as provided by law for the offense with or without probation or commitment;
(4) Commit the defendant to the custody of the board of corrections for a term of three years or a lesser term.”
The plain wording of subparagraph (2) clearly demonstrates that placing a defendant adjudged a youthful offender on probation for a period not to exceed three years is proper.
Section 15-19-6 simply describes what disposition the court should make when a person is adjudged a youthful offender. Nowhere in the Alabama Youthful Offender Act is there direction as to what to do when multiple sentences under separate youthful offender convictions are imposed. To answer that question another statute, *1169 Alabama Code Section 14-3-38(a) (1975), must be considered.
Section 14-3-38(a) describes how sentences are to be served on two or more convictions and reads as follows:
“(a) When a convict is sentenced to imprisonment in the penitentiary on two or more convictions, unless it is specifically ordered in the judgment entry that such sentences be served concurrently, such sentences shall be cumulative and shall be served consecutively, the first term thereof beginning to run from the date on which such prisoner is received at the penitentiary, reformatory or jail for service of the sentence or at some place of detention to await transportation to the place where his sentences are to be served and his second and subsequent terms, each, beginning on the expiration of the preceding term. When the judgment sentence contains a fixed order that the term shall run concurrently, such sentences shall run concurrently from the date on which such convict is received for serving of the sentences as prescribed above.”
Further guidance is found in Rule 11(a) of the Alabama Rules of Criminal Procedure Temporary Rules which provides that “(s)eparate sentences of imprisonment on a defendant for two or more offenses shall run consecutively unless the judge at the time of sentencing directs otherwise,...”
The defendant was sentenced on October 21, 1976, and on April 22, 1977, under the Youthful Offender Act. His April 22, 1977 sentence of probation was to run consecutively to his October 21, 1976 sentence of probation. We find no rule of law or other principle which would prohibit application of either Section 14-3-38(a) or Rule 11(a) where multiple sentences under the Youthful Offender Act are involved.
The District Court’s order revoking the defendant’s probation was proper.
AFFIRMED.
All Judges concur.